Appellant, Jorge Carballo, appeals a decision of the Madison County Court of Common Pleas in which the court dismissed his petition for postconviction relief without holding an evidentiary hearing. We affirm.
On January 29, 1988, appellant was found guilty of aggravated murder and two counts of kidnapping. Appellant was sentenced to life imprisonment with eligibility for parole after thirty years to be served consecutively with a sentence of five to twenty five years each on the kidnapping charges. We affirmed this judgment on direct appeal in State v. Carballo (1989), Madison App. No. CA88-02-006, unreported.
On September 12, 1996, appellant filed his petition for postconvic relief. On December 24, 1996, the state of Ohio, appellee herein, filed a motion to dismiss appellant's petition. On April 7, 1997, the trial court dismissed appellant's petition. Appellant sets forth one assignment of error on appeal:
 THE TRIAL COURT ERRED WHEN IT GRANTED THE STATE'S MOTION TO DISMISS APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING. THIS ERROR VIOLATED DEFENDANT'S STATUTORY RIGHTS GRANTED BY R.C. 2953.21 AND DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION, AND THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant's petition for postconviction relief sets forth three claims for relief. The gravamen of the petition is that appellant's language deficiencies during trial preparation and at trial render his conviction void or voidable. Appellant was born in Cuba and came to the United States in the early 1980s.
The trial court found that although appellant's primary language is Spanish, he is able to speak and understand English, albeit not fluently. An interpreter was appointed prior to trial to assist both defendant and counsel during the trial. Appellant complains that his language barrier prevented effective representation by counsel in that (1) he was unable to effectively participate during trial because of his language deficiencies; (2) he was denied the effective assistance of counsel because of his inability to comprehend and consult with his attorneys; and (3) his conviction was not supported by sufficient credible evidence and was against the manifest weight of the evidence.
A hearing is not automatically granted upon the filing of a petition for postconviction relief. State v. Jackson (1980),64 Ohio St.2d 107, 110. The petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. Id. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., paragraph nine of the syllabus. The trial court found that appellant's first claim was not supported by evidence outside the original record and that his second and third claims were barred by res judicata.
Appellant's first claim for relief alleges that at the time of the trial he was unable to effectively participate in the trial because of his language deficiencies. Appellant contends that the trial court erred in denying him an evidentiary hearing, arguing that his verified petition and attached affidavit presented evidence which was outside the original record and therefore the doctrine of res judicata was not applicable. However, the mere presentation of evidence outside the record will not, by itself, guarantee a right to an evidentiary hearing. State v. Cole (1982), 2 Ohio St.3d 112. To overcome the res judicata bar, the evidence offered dehors the record must show that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. Id. Furthermore, evidence offered dehors the record must meet a threshold standard of cogency. State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported.
The affidavit offered by appellant stated:
 I know it will be possible for this Court to deny me a hearing and say I had an interpreter, and I did not complain and my attorneys did not complain, but I could not have much translated, my attorneys were very busy and rushed, and now that I understand I know and will swear I did not and could not effectively participate at my trials.
In a criminal case, the defendant is entitled to hear the proceedi in a language he can understand. State v. Pina (1975),49 Ohio App.2d 394, 399. Furthermore, R.C. 2311.14(A) empowers the trial court to appoint an interpreter when it determines that an accused is unable to follow and comprehend the proceedings. In the instant case, defense counsel requested an interpreter and one was appointed by the trial court on December 31, 1987. The trial commenced on January 11, 1988. The record reflects that the translator was present during the entire examination of appellant and that the interpreter was used whenever appellant could not express his thoughts in English or did not understand a question. A review of the pertinent part of the record reveals that on direct examination the interpreter was used for most of the questions asked. However, appellant would often answer in "broken" English, only to have the interpreter repeat the answer in proper English. The cross-examination of appellant was conducted almost entirely in English without the help of the interpreter to translate the questions into Spanish. We have examined these pages of the record carefully and find nothing that would establish that appellant failed to understand the nature of the proceedings. Further, the record indicates that the interpreter was available to appellant at all times during the trial, not just during direct and cross-examination.
While we take as true appellant's affidavit regarding his increased proficiency in the English language, we agree with the trial court that appellant demonstrated an ability to comprehend and communicate in English during his trial. Accordingly, we concur with the trial court that appellant has failed to present evidentiary materials outside the original record sufficient to justify an evidentiary hearing.
Appellant's second claim for relief alleges that he had ineffectiv assistance of counsel. A petition for postconviction relief which alleges that petitioner received ineffective assistance of counsel during trial is barred by res judicata where petitioner had new counsel on direct appeal of the conviction and where the ineffective counsel claim was or could have been raised on direct appeal. State v. Cole (1982), 2 Ohio St.3d 112. The record indicates that appellant was appointed new counsel for his direct appeal to this court and that the issue of whether appellant received ineffective assistance of counsel during trial was raised and fully decided at that time. See State v. Carballo, Madison App. No. CA88-02-006, unreported. Appellant argues that his ineffective assistance of counsel claim should not be barred by res judicata because of the language deficiencies discussed in his first claim. We disagree and reiterate our concurrence with the trial court that appellant demonstrated an ability to comprehend and communicate in English during the course of his trial.
Appellant further argues that the trial court erred in refusing to appoint counsel to represent him in his motion for postconviction relief and that he was forced to rely on his trial counsel to prepare his petition pro bono. While we agree with counsel that it is difficult to argue your own ineffectiveness, we do not agree that the trial court erred in refusing to appoint new counsel to prepare the motion for postconviction relief. It is well-settled that an indigent defendant has neither a state nor federal constitutional right to be represented by an attorney in a postconviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, paragraph one of the syllabus. However, a court must appoint counsel if it determines an evidentiary hearing is required. Id. at 154. Appointed counsel is therefore not required for the initial burden of presenting a petition for postconviction relief, only if the court determines that an evidentiary hearing is required.
Accordingly, appellant had no state or federal right to be represented by appointed counsel for the initial burden of presenting his petition for postconviction relief. We find no error in the trial court's refusal to appoint counsel resulting in appellant's use of his trial counsel to prepare the petition for postconviction relief pro bono.
In his third claim for relief, appellant contends that his conviction was not supported by sufficient credible evidence and was against the manifest weight of the evidence. A claim directed toward the weight of the evidence is not cognizable in postconviction. State v. Zuern (Dec. 4, 1991), Hamilton App. Nos. C-900481, C-910229, unreported. Furthermore, the issue of sufficiency of the evidence was passed upon by this court in appellant's direct appeal. Therefore, this claim is clearly barred by res judicata.
Based on the foregoing, the trial court found that there were no grounds for a hearing. We concur with the trial court and hold that the trial court did not err in dismissing appellant's petition for postconviction relief without an evidentiary hearing. Appellant failed to sustain his initial burden of demonstrating sufficient operative facts to show substantive grounds for relief. The assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.