OPINION
On December 8, 1993, the Stark County Grand Jury indicted appellant, John Williamson, on one count of carrying a concealed weapon in violation of R.C. 2923.12(A) with a prior violence conviction specification and one count of having weapons while under disability in violation of R.C. 2923.13(A) with prior conviction and firearm specifications. Said charges arose from the shooting of a gun at a parked station wagon from a moving van wherein appellant was the passenger.
A jury trial commenced on March 28, 1994. The jury found appellant guilty as charged. By judgment entry filed April 5, 1994, the trial court sentenced appellant to a total indefinite term of two and one-half to ten years plus a three year actual term for the firearm specification. Appellant's case was affirmed on appeal. See, State v. Williamson (April 10, 1995), Stark App. No. 1994 CA 00133, unreported.
On September 19, 1996, appellant filed a petition for postconviction relief. On March 24, 1997, appellant filed a motion for summary judgment. Appellee, the State of Ohio, filed a response to the motion on March 31, 1997. By judgment entries filed April 25, 1997 and July 16, 1997, respectively, the trial court denied appellant's motion for summary judgment and petition for postconviction relief.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 MR. WILLIAMSON WAS DENIED HIS STATE-CREATED RIGHT TO COUNSEL WITHOUT DUE PROCESS OF LAW BY THE TRIAL COURT'S FAILURE TO APPOINT INDEPENDENT COUNSEL TO CONDUCT A THOROUGH AND CONSCIENTIOUS EXAMINATION OF THE RECORD TO DETERMINE IF ANY ARGUABLE CLAIM MIGHT EXIST TO SUPPORT HIS PETITION FOR POST-CONVICTION RELIEF IN VIOLATION OF SECTION 120.16 OF THE OHIO REVISED CODE, ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION, AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
II
 THE TRIAL COURT VIOLATED MR. WILLIAMSON'S CONSTITUTIONAL AND STATUTORY RIGHT BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF WHERE THE PETITION RAISED CLAIMS WHICH WERE SUFFICIENT ON THEIR FACE AND THE FILES AND RECORDS OF THE CASE DO NOT AFFIRMATIVELY DISPROVE THAT HE IS ENTITLED TO RELIEF IN VIOLATION OF SECTION 2953.21 OF THE OHIO REVISED CODE, ARTICLE 1, SECTION 16 OF THE OHIO REVISED CODE AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
III
 CONSTITUTIONAL ERRORS WERE MADE AT TRIAL WHICH RESULTED IN A DENIAL OR INFRINGEMENT OF MR. WILLIAMSON'S RIGHTS AS TO RENDER THE JUDGMENT VOID OR VOIDABLE UNDER THE OHIO CONSTITUTION AND THE CONSTITUTION OF THE UNITED STATES.
IV
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND AND EVEN CONSIDER THAT CONSTITUTIONAL ERRORS WERE MADE AT THE APPELLANT'S TRIAL WHICH RESULTED IN THE CONVICTION OF AN INNOCENT MAN.
 I
Appellant claims the trial court erred in not appointing counsel to him on his petition for postconviction relief.[1]
We disagree.
R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states in pertinent part:
 (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
Because the trial court sub judice did not find "substantive grounds for relief," the trial court did not err in not appointing counsel to appellant. See, State v. Crowder (1991), 60 Ohio St.3d 151, wherein the Supreme Court of Ohio held a trial court must notify the public defender once the trial court has determined an evidentiary hearing is warranted.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in finding no substantive grounds for relief thereby denying him a hearing. We disagree.
Appellant's petition claimed ineffective assistance of trial counsel for failure to investigate and present evidence of his previously sustained injuries to his left and right arms and hands. Appellant claimed these injuries made it too difficult to handle and fire the gun in question. Appellant also claimed his trial counsel, Richard Henning, was ineffective because he instructed the co-defendant and driver of the van, Patricia Gilbert, not to admit that she, not appellant, fired the gun at the station wagon. Appellant claimed Mr. Henning should have hired a ballistics expert to prove shell casings found inside the van did not come from the gun confiscated. Appellant also raised questions concerning the verdict form, the trial court's denial of his motion to strike the name "Gillard" from the "a.k.a." language of the indictment, Mr. Henning's failure to disclose he was employed by the Prosecuting Attorney's Office when his father, John Gillard, was tried for capital murder and Mr. Henning's failure to investigate and prepare a proper defense.
The issues of the verdict form, indictment and trial counsel's prior position as an assistant prosecutor fall within the doctrine of res judicata and therefore present no substantive grounds for relief. See, State v. Cole (1982), 2 Ohio St.3d 112;State v. Perry (1967), 10 Ohio St.2d 175, wherein the Supreme Court of Ohio held claims which were or could have been raised at trial or on direct appeal are precluded from being litigated in a postconviction relief proceeding.
Attached to appellant's petition is his own affidavit and the affidavits of Frances Williamson and Chad Williamson. Said affidavits state in pertinent part:
 [Appellant's affidavit] Mr. Henning told Ms. Gilbert not to say anything about being a nude dancer and having the gun for protection, but to say she had it for target shooting * * *.
 [Ms. Williamson's affidavit] She [Ms. Gilbert] told Richard [Mr. Henning] about the empty bullet casings being from a previous 9mm gun she had purchased at the Loading Bench about March, 1993. * * * Richard told her he did not want her to admit to firing the gun at that time. * * * When asked about to obtain Johns medical, hospital, and therapy records in regard to the injuries to his hands and arms, he [Mr. Henning] stated they were not needed.
 [Mr. Williamson's affidavit] Mr. Henning told Tricia [Ms. Gilbert] not to do anything about saying John did not do the crime until his trial because he did not want to give the prosecutor anything.
Although the statements are inconsistent as to whether Mr. Henning did not want Ms. Gilbert to testify at all or did not want her to forewarn appellee of the defense, the statements do not raise an issue of substantive nature because Ms. Gilbert testified at trial to shooting the gun. Vol. II T. at 9-11.
The cited affidavits plus the affidavit of David Williamson and appellant's medical records establish appellant's defense was that of impossibility of firing the gun. However, appellant was not charged with firing a weapon but with carrying a concealed weapon and having a weapon while under a disability. Neither of these offenses require proof the accused could fire the gun, but center on possession of the weapon.
Lastly, appellant argues Mr. Henning should have had an expert testify about whether shell casings found in the van could have been fired from the gun in question. This was also irrelevant to the offenses of carrying a concealed weapon and having a weapon while under a disability because the 9mm Ruger pistol was loaded when it was discovered. Whether or not the shells which fell from appellant's lap when he exited the van were from the confiscated gun or not was irrelevant.
Based upon our review, we find the trial court did not err in finding no substantive grounds for relief and in not conducting a hearing.
Assignment of Error II is denied.
 III, IV
Appellant claims his convictions were void or voidable because the offenses of carrying a concealed weapon and having a weapon while under a disability were similar or allied offenses and the constitutional errors warrant a new trial. We disagree.
As stated in Assignment of Error I, issues which were cognizable on direct appeal wherein the appellate counsel was different than the trial counsel are precluded from being litigated in a postconviction relief proceeding based upon the doctrine of res judicata. Cole; Perry.[2]
Assignments of Error III and IV are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
[1] We note the trial court never ruled on appellant's request for the appointment of counsel.
[2] Appellate counsel for the direct appeal was Attorney Wayne Graham. The last assignment of error therein was "Other Errors Were Committed at Trial Not Raised Herein But Apparent on the Record."
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.