OPINION
In 1996, appellant Larry Keith Martz was convicted of Assault on a Police Officer (R.C. 2903.13), and Carrying a Concealed Weapon (R.C. 2923.12) following jury trial in the Guernsey County Common Pleas Court. He filed a Petition for Post-conviction Relief, claiming that Judge David A. Ellwood, the trial Judge, spoke to him in a "mean-spirited" manner throughout the trial. He also claimed that the statistical makeup of the jury venire was disproportionately female, and the Judge was involved in a criminal conspiracy to stack the jury against him. The petition was dismissed without a hearing. Appellant assigns five errors on appeal:
ASSIGNMENTS OF ERROR:
 I. JUDGE DAVID A. ELLWOOD WAS REQUIRED BY DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTIONS TO RECUSE HIMSELF FROM DETERMINING THE JUDGMENT AS TO PETITION TO VACATE OR SET ASIDE SENTENCE WHEN THE ISSUES ARE WHETHER OR NOT HE IS BIASED AND WHETHER OR NOT HE WAS A CRIMINAL CO-CONSPIRATOR IN THE UNLAWFUL SELECTION OF BIASED AND UNREPRESENTATIVE JURY VENIRES IN THIS CASE WITH PURPOSEFUL DISCRIMINATION.
 II. TRIAL COURT ERRED IN CONSIDERING "PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT; DEFAULT JUDGMENT; AND PETITION TO VACATE OR SET ASIDE SENTENCE" FILED IN THAT COURT ON 26 MARCH, 97, WHICH WAS 55 DAYS AFTER PROSECUTOR DEFAULTED BY FAILING TO RESPOND DURING 10 DAY PERIOD WITHIN WHICH PROSECUTING ATTORNEY "SHALL RESPOND" PURSUANT TO ORC 2953.21, AND ALSO WHEN SAID "RESPONSE . . ." WAS FILED ONE DAY BEFORE THE TIME FIXED FOR HEARING THIS MATTER I THE TRIAL COURT IN VIOLATION OF CIV. RULE 6(D) WHICH REQUIRES THAT ANY RESPONSE TO A MOTION BE FILED NOT LESS THAN 7 DAYS BEFORE THE HEARING OF A MOTION.
 III. TRIAL COURT ERRED IN VIOLATION OF CIV. RULE 56(C) IN CONSIDERING "PLAINTIFF'S RESPONSE . . ." WHICH WAS NOT SUPPORTED BY AFFIDAVIT WHEN PETITIONER'S "PETITION TO VACATE OR SET ASIDE SENTENCE" AND "MOTION FOR SUMMARY JUDGMENT" WERE SUPPORTED BY AFFIDAVITS.
 IV. TRIAL COURT ERRED IN VIOLATION OF 5TH AND 14TH AMENDMENTS DUE PROCESS CLAUSE IN DENYING EVIDENTIARY HEARING IN WHICH PETITIONER COULD PRESENT EVIDENCE TO SUPPORT ALLEGATIONS CONTAINED IN PETITIONER'S "PETITION TO VACATE OR SET ASIDE SENTENCE" AND "MOTION FOR SUMMARY JUDGMENT." FOR THE PURPOSE OF DETERMINING WHETHER AN EVIDENTIARY HEARING IS REQUIRED, AFFIDAVITS (IN SUPPORT OF A PETITION TO VACATE OR SET ASIDE SENTENCE MADE PURSUANT TO ORC 2953.21) ARE PRESUMED TO BE TRUE AND CORRECT.
 V. TRIAL COURT ERRED IN VIOLATION OF 5TH AND 14TH AMENDMENT DUE PROCESS CLAUSES IN DENYING EXPERT ASSISTANCE TO INDIGENT PETITIONER TO OBTAIN ADDITIONAL EVIDENCE TO SUPPORT THE ALLEGATIONS IN HIS PETITION AND AFFIDAVITS.
 I.
Appellant argues that Judge Ellwood was required to recuse himself from making any determination on the Petition for Post-conviction Relief, as the claims raised by appellant alleged that the Judge was involved in a criminal conspiracy.
Appellant did not file an affidavit of prejudice in the Supreme Court, seeking the recusal of Judge Ellwood, until April 15, 1997, after the judgment. Because appellant did not request recusal at the time he filed his post-conviction petition, he cannot now claim error in the court's failure to recuse himself. In addition, following the filing Affidavit of Prejudice, the court voluntarily recused itself from any future proceedings in the instant case.
The first Assignment of Error is overruled.
 II.
Appellant argues that the State's motion to dismiss the peititon was filed too late, as it was filed 55 days after he filed his peititon.
Before a hearing on a post-conviction petition is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the claimed error. State vs. Jackson (1980), 64 Ohio St.2d 107, 111. Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. Id.
As discussed in Assignment of Error IV. below, appellant failed to properly support his Petition for Post-conviction Relief. Therefore, the timing of the State's response motion is irrelevant, as pursuant to R.C. 2953.21, the court could properly dismiss the petition even if the State had failed to respond.
The second Assignment of Error is overruled.
 III.
Appellant argues that the State failed to submit affidavits in support of its motion as required by Civ.R. 56(C).
The procedural requirements for a petition for post-conviction relief are found in R.C. 2953.21, and not in Civ.R. 56. Pursuant to statute, the State is not required to submit any evidentiary material in support of a motion to dismiss, as the evidentiary burden rests solely with the petitioner. In determining whether to grant a hearing, the court is required only to consider the evidence supporting the petition, and the files and records in the underlying case. R.C. 2953.21(C).
The third Assignment of Error is overruled.
 IV.
Appellant argues that the court erred in denying him an evidentiary hearing, as the evidentiary material attached to his petition supported his claim for relief.
Appellant submitted several affidavits claiming that the Judge spoke to him in a mean-spirited fashion throughout the trial. Appellant does not provide any evidence concerning specific instances of behavior which prejudiced his right to a fair trial. Rather, appellant merely raises broad assertions, without demonstration of prejudice, which do not warrant a hearing. Jackson, supra.
Appellant's second claim in his petition was that the Judge was a participant in a conspiracy to deliberately select biased jurors. He claimed that the ratio of females to males in his jury venire was statistically impossible. Appellant presented no evidence which contained sufficient operative facts to demonstrate such statistical impossibility. Further, appellant presented absolutely no evidence of a conspiracy in which Judge Ellwood was involved.
The fourth Assignment of Error is overruled.
 V.
Appellant argues that the court erred in denying his request for expert assistance on his Petition for Post-conviction Relief. Appellant has no constitutional right to expert assistance in a post-conviction proceeding, as a petitioner does not even have a right to a court-appointed attorney in a post-conviction proceeding. See, State vs. Crowder (1991), 60 Ohio St.3d 151, paragraph one of the syllabus.
The fifth Assignment of Error is overruled.
The judgment of the Guernsey County Common Pleas Court is affirmed.
By: Reader, J., Hoffman and Wise, concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Guernsey County Common Pleas Court is affirmed. Costs to appellant.