THE STATE OF OHIO, APPELLEE, *v.* CROWDER, APPELLANT.

[Cite as State *v.* Crowder (1991), 60 Ohio St. 3d 151.]

(Nos. 90-1195 and 90-1541—Submitted April 24, 1991—
Decided June 12, 1991.)

*Michael Miller,* prosecuting attorney, and *Bonnie L. Maxton,* for appellee.

*Randall M. Dana,* Ohio public defender, *Gregory L. Ayers* and *Timi J. Townsend,* for appellant.

*Ken Murray,* urging reversal for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

DOUGLAS, J. In determining that its decision was in conflict with *Barnes, supra,* the court of appeals requested that we settle the following question:

" 'Is an indigent petitioner entitled upon request as a matter of right under the provisions of the Public Defender Act, R.C. Chapter 120, to have counsel appointed to represent him at the evidentiary hearing held on the merits of his post-conviction petition pursuant to R.C. 2953.21, et seq.?' "

Specifically at issue in the instant cause is R.C. 120.16(A)(1) and (D), which provide as follows:

"(A)(1) The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty *and in postconviction proceedings as defined in this section.*" (Emphasis added.)

"(D) The county public defender shall not be required to prosecute any appeal, *postconviction remedy,* or other proceeding, unless he is first satisfied there is arguable merit to the proceeding." (Emphasis added.)

The court of appeals determined an indigent petitioner has neither a state nor a federal constitutional right to appointed counsel during a postconviction proceeding. The court also examined a petitioner's rights pursuant to R.C. 120.16(A)(1) and (D), and concluded "that the legislature did not intend to create a mandatory right to appointed counsel for indigent defendants in post-conviction matters. Had the legislature so intended, it would not have given the public defender any discretion in deciding whether to pick and choose which post-conviction remedies would be prosecuted." Therefore, the court of appeals held that the trial court properly declined to appoint counsel for Crowder.

We agree with the court of appeals that an indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding. See *Pennsylvania* v. *Finley* (1987), 481 U.S. 551. However, we are not in agreement with the court of appeals' interpretation of R.C. 120.16(A)(1) and (D).

R.C. 120.16(A)(1) and (D) are clear. R.C. 120.16(A)(1) provides that the "* * * public defender *shall* provide legal representation to indigent[s] * * * in postconviction proceedings * * *." (Emphasis added.) Section (D) of the statute maintains that the "* * * public defender *shall not be required to prosecute* any * * * postconviction remedy * * * unless he is first satisfied there is arguable merit to the proceeding." (Emphasis added.) The General Assembly has provided the public defender with the authority and discretion to refuse to represent an indigent petitioner seeking postconviction relief, if the public defender, after examining the issues raised by the peti-

tioner, concludes that the issues do not have arguable merit. Likewise, upon a finding by the public defender that arguable merit exists, the petitioner, pursuant to Section (A)(1) of the statute, is entitled to representation by a public defender.

When a person is convicted of a criminal offense and claims that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court which imposed the sentence and request that the court vacate or set aside the judgment or sentence. Next, the clerk of the court must forward a copy of the petition to the prosecuting attorney of that county.[1] Thereafter, unless the petition, supporting affidavits, and files and records pertaining to the proceedings show that "substantive grounds for relief" exist, the court need not afford the petitioner a hearing.[2] If the court finds, however, that a petitioner is entitled to a hearing, then it is entirely possible that the public defender may not become aware that a hearing has been set, or that the actual hearing itself has taken place in a case where the petitioner seeks to appeal the trial court's denial of the postconviction petition. Hence, without notification, the public defender is in no position, with respect to postconviction proceedings, to exercise those discretionary powers explicitly conferred on the public defender by the General Assembly pursuant to the Public Defender's Act. Accordingly, the public defender must be provided with notice that a postconviction evidentiary hearing has been set.

In light of the foregoing, we believe that although an indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a postconviction proceeding, the petitioner, pursuant to R.C. 120.16(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit. Furthermore, R.C. 120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing.

It may be argued that because a petitioner in a postconviction proceeding does not have a state or a federal constitutional right to counsel, the petitioner, not the court, should be responsible for notifying the public defender of the pending proceeding. However, to ensure that the will of the General Assembly is effectuated, the duty to provide the public defender with notice is best placed upon the trial court.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court. On remand, if the public defender determines that the issues raised by Crowder have arguable merit, Crowder is entitled to representation at a new evidentiary hearing.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., and RESNICK, J., dissent.

ALICE ROBIE RESNICK, J., dissenting. I must respectfully dissent

---

[1] R.C. 2953.21(B).

[2] R.C. 2953.21(C) and (E).

from the majority's holding. R.C. 120.16(A)(1) and (D) cannot be read in isolation. Rather, they must be read in light of R.C. 2953.21. The postconviction statute, R.C. 2953.21, places broad discretion in the trial court in handling postconviction petitions. Nowhere in this statute is there any mention of the petitioner having a right to be represented by counsel. In fact, all authority for disposition of the petition is within the discretion of the trial judge. R.C. 2953.21(D) does discuss the duties of the prosecuting attorney and the fact that either side may move for summary judgment.

But, rather than continuing to allow the court broad discretion in this matter, the majority has placed a mandatory duty upon the court to appoint counsel for an indigent petitioner when a postconviction hearing is scheduled, provided the issues raised have arguable merit. There is no statutory authority for such a requirement. Rather, appointment of counsel for postconviction proceedings should be a matter of judicial discretion which may be exercised pursuant to the public defender statutes. See R.C. 120.16 and 120.26. In Ohio, representation by counsel for postconviction proceedings is not a matter of constitutional or statutory right. But, once again, a majority of this court have seen fit to do by judicial fiat something that the legislature has refrained from doing. Mandatory appointment of counsel in such cases will become a tremendous burden to Ohio taxpayers since there is no time limitation in bringing postconviction relief petitions, nor is there a limitation on the number which a convicted person may bring.

Since a convicted indigent defendant has been afforded counsel throughout the regular appellate process, his or her rights have been fully protected. Postconviction proceedings in Ohio have always been considered civil in nature. The public defender statutes (R.C. 120.16 and 120.26) give sufficient protection to a convicted indigent defendant. I would affirm the sound and well-reasoned decision of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.