OPINION
On March 25, 1994, the Guernsey County Grand Jury indicted appellant, Andrew J. Rocker, Jr., on one count of aggravated murder with a gun specification in violation of R.C. 2903.01(A). Said charge arose from the shooting death of appellant's wife, Sharon Rocker, on March 1, 1994.
A jury trial commenced on September 12, 1994. The jury found appellant guilty as charged. By judgment entry filed October 28, 1994, the trial court sentenced appellant to life in prison with parole eligibility after twenty years plus a three year actual term for the gun specification. Appellant's conviction was affirmed on appeal. See, State v. Rocker (August 20, 1996), Guernsey App. No. 94CA28, unreported.
On September 23, 1996, appellant filed a petition for relief after judgment. Appellant amended his petition on November 14, 1996. On November 25, 1996, the state filed a memorandum contra/summary judgment motion. Appellant filed a motion for summary judgment on January 29, 1997. By judgment entry filed February 3, 1997, the trial court granted the state's motion and denied appellant's petition.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY IMPROPERLY DISMISSING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT HEARING BECAUSE APPELLANT'S VERIFIED PETITION, WITH ITS SUPPORTING AFFIDAVITS AND EVIDENTIARY DOCUMENTS, CONTAINED SUFFICIENT GROUNDS FOR RELIEF.
II
 THE TRIAL COURT ERRED IN NOT ACCEPTING AS TRUE THE AFFIDAVITS SUBMITTED IN THE POSTCONVICTION PETITION THUS FAILING TO HOLD AN EVIDENTIARY HEARING AS REQUIRED BY R.C. 2953.21(E).
III
 THE TRIAL COURT ERRED IN NOT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH ARE MANDATORY UNDER R.C. 2953.21 IF THE TRIAL COURT DISMISSES THE PETITION.
IV
 THE TRIAL COURT ERRED IN NOT APPOINTING THE PUBLIC DEFENDER TO SEE IF THE PETITIONER HAD ARGUABLE MERIT PER R.C. 120.16(A)(1) AND (D) OF HIS POSTCONVICTION PETITION.
V
 OMITTED EVIDENCE BY THE STATE WOULD HAVE EXONERATED THE ACCUSED THEREFORE THE ACCUSED IS ENTITLED TO A POSTCONVICTION HEARING AND/OR A NEW TRIAL.
 SPECIFIC CLAIMS
Appellant appeals from the trial court's February 3, 1997 judgment entry denying his motion for postconviction relief which appellant had presented through numerous pages and exhibits including several affidavits, case law reproductions and many irrelevant cards, newspaper clippings and letters. Appellant specifically argues the following twelve claims for relief:
 Substantive grounds for relief per R.C. 2953.21(C) do exist and specific constitutional violations occurred per R.C. 2953.21(A)(1):
 1. Adequacy, competency, or effectiveness of counsel (6th Amendment): examples, pages 1-107, postconviction petition and postconviction amendments, with prosecutor misconduct;
 2. Conviction of the accused while incompetent (14th Amendment); not addressed by defense, the state, and clearly a due process violation;
 3. Impartial jury (6th Amendment); and juror not from the same county where the crime is alleged to have occurred (in violation of Ohio Constitution Art. 1, sect. 10); clearly a violation of Art. 1, sect. 10;
 4. Compulsory process (6th Amendment); exculpatory evidence existed, but witnesses were not called to show innocence and reasonable doubt of guilt;
 5. Due Process (14th Amendment); entire petitions and exhibits; with prosecutor misconduct and with Equal Protection violations (14th Amendment);
6. Prejudicial publicity at trial (6th Amendment);
 7. The right of the accused to testify on his own behalf was denied. Rock v. Arkansas 483 U.S. 44, 49-53, 107 S.Ct. 2704, 2707-2709 (1987), the accused's right to testify was never waived (6th and 14th Amendments);
 8. Confrontation of witnesses (6th Amendment); hearsay of victim denied the accused the right of cross examination;
9. Knowing use of false evidence (14th Amendment);
 10. Insufficient evidence to sustain a conviction (14th Amendment);
 11. Cruel and unusual punishment occurred (8th Amendment); and
 12. Cumulative effect where the accused was denied a fair trial, and the state's case contained improper methods which produced a wrongful conviction(14th Amendment).
 DIRECT APPEAL
Appellant filed a direct appeal of his conviction, assigning seven errors.[1] The assignments of error included a pretrial publicity/jury impartiality claim (Assignment of Error 4), a manifest weight claim (Assignment of Error 7B), an ineffective assistance of trial counsel claim (Assignment of Error 6), and a hearsay claim involving the testimonies of Judy Leyshon, Dr. Robert Orndorf, Dr. Janet Brockwell, Susan Brown, Marilyn Pryor, and Beth Rocker (Assignment of Error 1). This court found no merit to these claims. In as much as any of these claims are included in appellant's petition for post-conviction relief (claims 1, 3, 6, 8 and 10), we find them to be res judicata:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
(Emphasis sic.)
 State v. Perry (1976), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 I, II, III, V
Appellant claims the trial court erred in not holding a hearing, in not making findings of fact and conclusions of law and in denying his petition. We disagree.
R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states as follows:
 (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
By judgment entry filed February 3, 1997, the trial court found no substantive grounds for relief. We note it is obvious from the trial court's entry there was a thorough review of the record and numerous papers supplied with the petition. The entry is seven pages in length. We find this entry to satisfy the requirement under R.C. 2953.21(C).
As we proceed through the issues presented, we must first address the quality of the numerous affidavits filed to support appellant's claims. Notably absent from the only evidentiary quality material filed is any discussion on the issue of appellant's competency (claim 2). There was no affidavit from appellant that he did not waive his right to testify (claim 7). We note from the record it is apparent that appellant, a licensed attorney and city prosecutor, waived his right to testify. T. at 2464-2465. We conclude the trial court was correct in not addressing these issues.[2] Under the doctrine of resjudicata as it applies to postconviction proceedings, these issues are not proper for review. Perry.
 EVIDENCE PRESENTED
Affidavits on appellant's character were presented by Eileen Hogg, Bobby Hogg, Virginia Meadows, Ida Tompkins, William Mayhew, William Flaherty and Mary Rocker.[3] Pursuant to Evid.R. 608, character evidence may be used to support the credibility of a witness. Because appellant did not testify, such evidence would be inadmissible. Any claimed error of ineffective assistance of trial counsel regarding character evidence would not be germane because of the inadmissibility of the evidence.
 INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
The affidavit of Attorney David Graeff raises several issues on ineffective assistance of counsel. Upon review, we find the following:
 CLAIM
1. Failure to preserve evidence on eyeglasses (Ex. N).
2. Untimely motion for production of documents regarding weather satellite pictures (T. at 2011).
3. Failure to perform tests: absorption, fingerprints and DNA on blood and hair.
Failure to move for change of venue — pretrial publicity.
 FINDING
1. We find no reference. Ex. N is appellant's hat.
2. The testimony indicates pictures unavailable although ordered.
3. Absorption test not performed because of timeliness (two hour time period). No fingerprint, blood or hair evidence admitted.
4. Trial court specifically voir dired jury on this issue. No evidence a change of venue would have been granted. (See direct appeal, Assignment of Error IV).
 CLAIM
5. Failure to interview or depose witnesses.
6. No competency hearing.
7. Failure to follow Crim.R. 16. Exhibit 13 excluded.
8. Failure to disclose an expert.
9. No objection to state's expert listening to defense expert testimony.
10. Conflict of interest when defense counsel's sister testified (Dr. Janet Brockwell).
11. State's investigator permitted to stay during trial.
12. Failure to file motion in limine on hearsay testimony and victim's advocates in courtroom.
13. Character evidence not presented.
14. Untruthful juror.
15. Lack of preparedness.
 FINDING
5. No evidence this was not attempted or done. (See direct appeal, Assignment of Error VI).
6. As noted previously, no evidence a hearing was necessary and the trial court did address the issue.
7. Trial court found evidence of date was already in evidence as the envelope was shown to the jury (T. at 2475).
8. Expert was permitted to testify and the state's expert was allowed to hear the testimony given the lateness of disclosure which the trial court forgave (T. at 2116).
9. Clearly a compromise ruling which did not prejudice either side's rights.
10. Defense counsel not in courtroom during testimony. Testimony did not incriminate appellant. Witness discovered Mrs. Rocker.
11. Objection was made and overruled (T. at 160).
12. Objections were made (T. at 1108, 1119, 1479, 1508, 2033, 2037). (See direct appeal, Assignment of Error I).
13. Inadmissible.
14. No evidentiary material presented.
15. Not disclosed from the record.
 CLAIM
16. Jury instructions not requested on involuntary manslaughter, photos, evidence and other acts. Trial court erroneously used the term "charges."
17. Failure to move for mistrial after opening statements and closing arguments.
18. Failure to move for new trial.
19. Failure to present mitigating evidence.
 FINDING
16. Record does not disclose evidence of involuntary manslaughter. Appellant's defense was denial. Trial court correctly defined "evidence" (T. at 2699). Trial court used the term "charge or charges" because there was a specification charge.
17, Clearly available issue for direct appeal.
18. No proof of any grounds pursuant to Crim.R. 33.
19. Defense was denial of any involvement. Mitigating evidence would have been inappropriate.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington
(1984), 466 U.S. 668, 696.
Upon review, we fail to find any substantive issue presented by the affidavits not answerable by the transcript.
The affidavit of Virginia Meadows, appellant's neighbor, states "I did not see Andy Rocker and/or his truck pass by my home at anytime that day." See Appellant's Exhibit E. Ms. Meadows's second affidavit (Appellant's Exhibit F) sets forth an alternative reason for appellant's footprints in the snow in and around the garage. Although this evidence could have been relevant, we find it was not conclusive of appellant's guilt or innocence and could have been subject to cross-examination. Any choice not to use her testimony was clearly a trial tactic.
Appellant argues throughout the affidavits there existed political hostility between him and the prosecuting attorney. We find this issue was specifically addressed during voir dire. Further, we fail to find any evidence that political hostility affected the outcome of the trial.
Assignments of Error I, II, III and V are denied.
 IV
Appellant claims the trial court erred in not appointing him the public defender for his postconviction petition. We disagree.
Once the trial court determines under R.C. 2953.21(C) there are no substantive grounds for relief, there is no right to have appointed counsel:
 In light of the foregoing, we believe that although an indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a postconviction proceeding, the petitioner, pursuant to R.C. 120.16(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit. Furthermore, R.C. 120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing.
 State v. Crowder (1991), 60 Ohio St.3d 151.
Consistent with our opinion in the previous assignments of error, Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Wise, J., Visiting, concur.
 JUDGES Exhibit A
I. THE TRIAL COURT COMMITS PREJUDICIAL ERROR IN OVERRULING A MOTION FOR A MISTRIAL BY THE ACCUSED, WHEN THE RECORD REFLECTS A PATTERN OF INADMISSIBLE CHARACTER EVIDENCE INTRODUCED BY THE PROSECUTION.
II. PROSECUTORIAL MISCONDUCT OCCURS IN CLOSING ARGUMENT WHEN COMMENTS ARE MADE ON THE FAILURE OF THE ACCUSED TO TESTIFY, AND PROVE THEIR CASE RESULTING IN AN UNFAIR TRIAL, CONTRA THE FIFTH AND SIXTH AMENDMENTS.
III. WHEN EXTRANEOUS PREJUDICIAL EVIDENCE RELATING TO A DIVORCE ACTION IS INTRODUCED TO SHOW MOTIVE, AN UNFAIR TRIAL RESULTS CONTRA THE SIXTH AMENDMENT, SINCE THE ACCUSED NEVER RECEIVED NOTICE OF THE FILING.
IV. THE ACCUSED DOES NOT RECEIVE A FAIR TRIAL CONSISTENT WITH THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION WHEN THE VOIR DIRE REVEALS DISTINCT PREJUDICE AS A RESULT OF MASSIVE PRE-TRIAL PUBLICITY; AND THE QUICKNESS OF THE VERDICT SUPPORTS BIAS.
V. WHERE EVIDENCE OF COMPROMISE NEGOTIATIONS IS INTRODUCED IN THE PROSECUTION'S CASE, INVOLVING A COLLATERAL DIVORCE PROCEEDING, THE RESULT IS CONTRA EVID. R. 408, AND THE SIXTH AMENDMENT TO THE CONSTITUTION.
VI. THE ACCUSED DOES NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRE-TRIAL AND TRIAL STAGES WHERE SUBSTANTIAL ERRORS OCCUR WHICH DEPRIVE HIM OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT.
VII. (A) THE TRIAL COURT COMMITS PREJUDICIAL ERROR IN ALLOWING THE TESTIMONY OF AN "EXPERT" ON TIRE IMPRESSIONS.
(B) THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Exhibit B SUMMARY OF AFFIDAVITS PRESENTED EILEEN HOGG
1. Claims Mrs. Rocker was not a "controlled woman." Offered in contradiction to prosecutor's statement during closing argument.
2. Claims pretrial opinion predisposed the residents of the county to convict.
3. Disputes incident testified to at trial by appellant's son.
 BOBBY HOGG
1. Appellant was never violent with his family.
2. Defense counsel interviewed affiant during trial.
3. Media coverage was pro-conviction.
 VIRGINIA MEADOWS
1. Lives near scene of crime and claims she never saw appellant nor his vehicle on the day of the murder.
2. Appellant could have left footprints in the snow from a previous delivery of feed to the farm thereby explaining the footprint evidence.
 IDA TOMPKINS
1. Character witness who states appellant is an honest, caring man.
2. Affiant was not interviewed as a witness.
3. There was unfavorable media coverage.
 WILLIAM MAYHEW
1. Character witness who never saw appellant behave in a violent manner.
2. Affiant once misidentified Mrs. Rocker as appellant. A murderer could have been out to get appellant.
3. Appellant denied the murder to affiant and told affiant of death threats against himself.
 WILLIAM FLAHERTY
1. Character witness who states appellant is a hardworking non-threatening person, honest.
2. As an attorney, appellant worked out civil resolutions.
3. Appellant denied the murder to affiant.
4. Affiant was not called as a witness.
 MARY ROCKER
1. Character witness who states appellant was hardworking and honest.
2. Appellant was not violent with his family.
3. Appellant was positive with his family.
 DAVID GRAEFF
1. A Columbus attorney who opines to ineffective assistance of trial counsel (Attorney Jeremy Brockwell).
 CHARLES ABOUD
1. Attorney Jeremy Brockwell was a member of AA in 1993.
2. In 1994 Attorney Brockwell quit AA.
3. Attorney Brockwell closed his law office due to alcohol.
 A. ROCKER
1. Appellant's own affidavit asserting appealable issues based on an unsigned handwritten note claiming a pay off to jurors and the hypnotizing of appellant's children.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.
[1] See Exhibit A.
[2] The trial court does address the competency claim on page three of its judgment entry. In addition, the trial court specifically addressed appellant's competency at arraignment. March 28, 1994 T. at 14.
[3] See Summary of Affidavits Presented attached herein as Exhibit B.