I write separately only to comment upon an important matter not mentioned in the majority opinion. In my view, appellant is using an improper vehicle to present his argument.
Appellant initially filed this appeal from the trial court's denial of his petition for postconviction relief.[1] Appellant does not, however, directly challenge the trial court's dismissal of his petition. Indeed, he acknowledges the trial court's action was appropriate in view of the record before it.
Apparently realizing the tenuousness of his position in this regard and further cognizant that postconviction proceedings are considered civil in nature, appellant prepared a Civ.R. 60(B) motion for relief from judgment. Appellant requested from this court a "limited remand" in order to file his motion and to permit the trial court to consider it. This court granted appellant's request. Upon the trial court's denial of his Civ.R. 60 (B) motion, the case was returned to this court. Appellant, however, never filed an amended notice of appeal to request a review of the trial court's subsequent order overruling his Civ.R. 60 (B) motion.
App.R. 12 (A) permits this court only to "[r]eview and affirm, modify, or reverse the judgment or final order appealed." Furthermore, App.R. 9 limits this court's consideration to matters properly included in the record on appeal. The foregoing rules do not permit this court to consider materials attached to appellant's Civ.R. 60(B) motion as substantive evidence relevant to appellant's argument. Therefore, I believe the discussion in the dissenting opinion, while eloquent, is inappropriate and merely academic.
This court should neither issue advisory opinions nor seek, through an improper exercise of its authority, to disturb a scheme which, in the words of the dissenting justices in State v.Crowder (1991), 60 Ohio St.3d 151 at 154, "give[s] sufficient protection to a convicted indigent defendant." To do so may create a situation that could "become a tremendous burden to Ohio taxpayers" and create more problems than such an action purports to solve. Id.
For the foregoing additional reasons, I concur in the majority opinion's decision to overrule appellant's assignment of error and to affirm the trial court's decision.
[1] As correctly pointed out by the dissenting opinion, the version of R.C. 2953.21 in effect at the time appellant filed his petition did not include a provision for appointment of attorneys. See, State v. Castro (1979), 67 Ohio App.2d 20, headnote 2; State v. Crowder (1991), 60 Ohio St.3d 151. The majority opinion does not directly address the issue of whether the amendment to R.C. 2953.21 applies retroactively.