OPINION
Defendant-appellant Donald Yost appeals the November 8, 2000 Judgment Entry of the Licking County Court of Common Pleas, denying his Motion for Appointment of Counsel. Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE FACTS AND CASE
On August 6, 1999, the Licking County Grand Jury indicted appellant on four counts of sexual battery, in violation of R.C. 2907.03(A)(5). At his arraignment on August 9, 1999, appellant entered pleas of not guilty to all the charges. Appellant subsequently withdrew his pleas of not guilty, and entered a plea of no contest to count one of the indictment, and Alford pleas of no contest to counts two, three, and four of the indictment. The trial court sentenced appellant to a determinate term of imprisonment of three years on each of the counts, and ordered the sentences be served concurrently with each other. The trial court did not give appellant credit for time served. The change of pleas and sentences were memorialized via Judgment Entry filed November 16, 1999.
Appellant did not file a direct appeal. On February 25, 2000, appellant filed a Motion for Jail Credit, requesting the trial court credit him 114 days for the time he was held in the Licking County Justice Center pending resolution of the instant matter. The trial court denied appellant's motion via Judgment Entry filed March 16, 2000, finding a parole holder had been placed upon appellant while the charges in the instant matter were pending; therefore, appellant was not entitled to receive the jail time credit. Thereafter, on June 22, 2000, appellant filed a Motion for Order Terminating Post-Release Control. The trial court summarily denied the motion via Judgment Entry filed June 27, 2000. Appellant did not file appeals from the denial of either of these motions. On October 24, 2000, appellant filed a Motion for Appointment of Counsel. Appellant did not set forth any allegations relative to his entitlement to post-conviction relief. Via Judgment Entry filed November 8, 2000, the trial court denied appellant's motion, finding appellant had not taken an appeal from the original convictions and sentences, the time for filing a post-conviction relief motion had expired, and appellant failed to advise the trial court why appointment of counsel was necessary.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT THE APPOINTMENT OF COUNSEL TO DEFEND HIMSELF IN HIS LEGAL REMEDIES.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT HIS FIRST AND SIXTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND OHIO REVISED CODE SECTION 2935.20.
 III. THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE APPOINTMENT OF COUNSEL TO SEEK REDRESS THROUGH THE CRIMINAL JUSTICE SYSTEM FOR AN INDIGENT DEFENDANT, AND FAILING TO PROVIDE, THROUGH COUNSEL, THE RELIEF SOUGHT.
 I, II, III
Because appellant's assignments are interrelated, we shall address said assignments of error together. In his three assignments of error, appellant claims violations of his statutory and constitutional rights to appointed counsel.
Post-conviction relief proceedings are civil; therefore, a petitioner is not afforded a constitutional right to the assistance of counsel.Pennsylvania v. Finely (1987), 481 U.S. 551; State v. Crowder (1991),60 Ohio St.3d 151 at 152. However, a statutory right to counsel for post-conviction relief proceedings exists through R.C. 120.16.
R.C. 120.16 states, in pertinent part:
 (A)(1) The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in post-conviction proceedings as defined in this section.
* * *
 (D) The county public defender shall not be required to prosecute any appeal, post-conviction remedy, or other proceeding, unless the county public defender is first satisfied there is arguable merit to the proceeding.
In Crowder, supra, the Ohio State Supreme Court determined R.C.120.16(A)(1) and (D) require the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. Crowder, supra. Second, the public defender must assess whether petitioner's allegations have arguable merit. Crowder, supra, at paragraphs one and two of the syllabus.
The trial court is not required to grant an evidentiary hearing on a petition for post-conviction relief in the absence of evidence supporting the petitioner's allegations. R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980),64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. Id.
Herein, appellant assigns as error only the trial court's decision not to appoint counsel. Appellant does not set forth any allegations with respect to the trial court's denial of his Motion for Jail Credit, or his Motion for Order Terminating Post-Release Control. Because the appointment of counsel was only required if the trial court determined the allegations in his post-conviction motions warranted evidentiary hearings, appellant's allegation the trial court erred in not appointing counsel cannot be sustained unless he also successfully challenged the trial court's denials of his post-conviction motions. In the absence of such a claim, we cannot find the trial court erred in failing to appoint counsel to represent appellant.
Furthermore, the trial court did not err in failing to appoint appellate counsel to represent appellant in the instant appeal. As indicated supra, petitions for post-conviction relief are civil in nature, and, thus, the right to counsel at the appellate level is not guaranteed. Neither R.C. 120.16 nor Crowder establish a right to counsel on appeal from the summary dismissal of a post-conviction relief petition.
Appellant's first, second, and third assignments of error are overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, J. Gwin, P.J. and Boggins, J. concur
[1] The State has not filed a brief in this matter.