OPINION
 STATEMENT OF THE FACTS AND CASE
On March 29, 1999, Appellant was indicted on one count of Driving While Under the Influence of Alcohol, in violation of R.C. § 4511.19.
On April 16, 1999, Appellant entered a plea of guilty to offense as charged and was sentenced to nine-months in the Stark County Jail.
The plea form signed by Appellant informed him that he was subject to "a term of local incarceration of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 or 18 motnhs, and a mandatory term of local incarceration of sixty consecutive days."
On May 29, 2001, Appellant filed what was construed to be a petition for post-conviction relief.
On July 11, 2001, the State of Ohio filed a response to Appellant's a petition for post-conviction relief and moved for summary judgment.
The trial court set a non-oral hearing on the State of Ohio's motion for summary judgment.
On July 26, 2001, Appellant filed a response to the motion for summary judgment.
On July 26, 2001, trial court granted the motion for summary judgment.
On August 31, 2001, Appellant filed a motion for appointment of counsel.
On August 31, 2001, the trial court denied Appellant's motion for legal counsel.
This entry denying appointment of counsel is the basis for Appellant's appeal.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN THAT DEFENDANT/APPELLANT WAS PREJUDICIALLY DEPRIVED OF A (SIC) EFFECTIVE DEFENCE (SIC), DUE TO ACCESS TO COURT IN FILING AN HEARING OF THE POST-CONVICTION FOR RELIEF. DEFENDANT/APPELLANT HAS MOTIONED THE TRIAL COURT FOR EFFECTIVE ASSISTANCE OF COUNSEL AND WAS DENIED.
Appellant argues the trial court erred in failing to appoint counsel to represent him in a post-conviction relief proceeding and appeal. We disagree.
Post-conviction relief proceedings are civil; therefore, a petitioner is not afforded a constitutional right to the assistance of counsel.Pennsylvania v. Finely (1987), 481 U.S. 551; State v. Crowder (1991),60 Ohio St.3d 151 at 152. However, a statutory right to counsel for post-conviction relief proceedings exists through R.C. § 120.16.
R.C. § 120.16 states, in pertinent part:
 (A)(1) The county public defender shall provide legal representation to indigent adults and juveniles who are charged with the commission of an offense or act that is a violation of a state statute and for which the penalty or any possible adjudication includes the potential loss of liberty and in post-conviction proceedings as defined in this section.
* * *
 (D) The county public defender shall not be required to prosecute any appeal, post-conviction remedy, or other proceeding, unless the county public defender is first satisfied there is arguable merit to the proceeding.
In Crowder, supra, the Ohio State Supreme Court determined R.C.120.16(A)(1) and (D) require the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. Crowder, supra. Second, the public defender must assess whether petitioner's allegations have arguable merit. Crowder, supra, at paragraphs one and two of the syllabus.
The trial court is not required to grant an evidentiary hearing on a petition for post-conviction relief in the absence of evidence supporting the petitioner's allegations. R.C. § 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980),64 Ohio St.2d 107, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. Id.
Herein, appellant assigns as error only the trial court's decision not to appoint counsel. Because the appointment of counsel was only required if the trial court determined the allegations in his post-conviction motions warranted evidentiary hearings, appellant's allegation the trial court erred in not appointing counsel cannot be sustained unless he also successfully challenged the trial court's denials of his post-conviction motions. In the absence of such a claim, we cannot find the trial court erred in failing to appoint counsel to represent appellant.
Furthermore, the trial court did not err in failing to appoint appellate counsel to represent appellant in the instant appeal. As indicated supra, petitions for post-conviction relief are civil in nature, and, thus, the right to counsel at the appellate level is not guaranteed. Neither R.C. § 120.16 nor Crowder establish a right to counsel on appeal from the summary dismissal of a post-conviction relief petition.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
This matter came before the Court on Appellant's motion for continuance, filed January 25, 2002.
Upon review of said motion, we find this matter not well-taken and hereby overrule same.
IT IS SO ORDERED.
By: Boggins, J., Gwin, P.J. and Wise, J. concur.