[Cite as *State v. Snyder*, 2024-Ohio-861.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29933 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 0292 |
| | : | |
| KEVIN L. SNYDER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 8, 2024

. . . . . . . . . . .

P.J. CONBOY, II, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Kevin L. Snyder appeals from a order of the Montgomery County Court of Common Pleas denying his petition for post-conviction relief. For the following reasons, we will affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On March 5, 2020, a Montgomery County grand jury indicted Snyder on one count of possession of marijuana in an amount equal to or greater than 1,000 grams but less than 5,000 grams, a third-degree felony in violation of R.C. 2925.11(A); and one count of illegal cultivation of marijuana in an amount equal to or greater than 1,000 grams but less than 5,000 grams, a third-degree felony in violation of R.C. 2925.04(A).   Those counts were based on events that occurred on October 1, 2018.

{¶ 3} On May 18, 2020, Snyder filed a motion to suppress evidence seized during the search of his residence as well as any statements obtained from him.   According to the motion, a warrant was obtained on September 25, 2018, to deploy thermal imaging on Snyder's address.   Partially as a result of that thermal imaging, a search warrant for Snyder's address was issued on October 1, 2018.   Snyder argued that probable cause did not exist for the issuance of the September 25, 2018 warrant.

{¶ 4} Snyder filed an amended motion to suppress on September 9, 2020.   In addition to other arguments, Snyder contended that the warrants to search his property were improper, lacked probable cause, contained conclusions, contained facts that were stale and remote, and were improperly executed.   Following a hearing, Snyder filed another brief in support of his motion to suppress in which he narrowed his motion to addressing the two search warrants that were issued in the case.   Snyder challenged the sufficiency of probable cause in the affidavits submitted to obtain the search warrants. According to Snyder, the police officers filed an affidavit for a search warrant to deploy a thermal imager on Snyder's residence.   The affidavit was submitted in September 2018

and a warrant was issued. The basis for the warrant was a complaint that Snyder was growing marijuana in his basement, a prior misdemeanor arrest for misdemeanor possession in 2011, a comparison of power usage between Snyder's residence and another residence, and the officer's training and experience with marijuana cultivation. Snyder argued that the complaint by an anonymous citizen had not been corroborated by any evidence and there was no additional information provided to support the complainant's claims.

{¶ 5} On February 12, 2021, the trial court overruled the motion to suppress. The court found that "[d]ue to the specific nature of the information provided by the complainant and the extreme discrepancy in power usage between the two properties, * * * the affidavit established sufficient probable cause to conduct thermal imaging of Defendant's property." The court also found that the search warrant for the residence had been properly supported by an affidavit setting forth the findings of the thermal imaging of Snyder's residence.

{¶ 6} Snyder ultimately pled guilty to one count of the lesser included offense of possession of marijuana in an amount equal to or greater than 200 grams but less than 1000 grams, a fifth-degree felony in violation of R.C. 2925.11(A). In exchange for his plea, the remaining count of marijuana cultivation was dismissed. The trial court held a sentencing hearing on February 23, 2022, and sentenced Snyder to community control sanctions for a period not to exceed five years. The court memorialized the sentencing in a February 24, 2022 written judgment. Snyder did not appeal from this final judgment.

{¶ 7} On March 14, 2023, Snyder filed a petition for post-conviction relief. The

sole evidence he submitted in support of the petition was an affidavit of Jason Greear. The trial court denied the petition on September 5, 2023, because the petition was untimely filed and "Defendant failed to provide any credible evidence or argument in support of his Petition. The lay opinion of Mr. Greear, which references his alleged observations on a date that has no relevance to this case is woefully insufficient to justify granting post-conviction relief." Snyder filed a timely notice of appeal.

II. The Trial Court Did Not Abuse Its Discretion in Denying Snyder's Motion for Post-conviction Relief Without Holding a Hearing.

{¶ 8} Snyder's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR POSTCONVICTION RELIEF.

{¶ 9} Post-conviction relief is governed by R.C. 2953.21, which provides that any person who has been convicted of a criminal offense and who claims that there was such a denial of the person's rights as to render the judgment void or voidable may file a petition in the court that imposed sentence. R.C. 2953.21(A)(1)(a)(i). The petition must state the grounds for relief relied upon and ask the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1)(a). The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(b).

{¶ 10} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410,

639 N.E.2d 67 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991). To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21(A)(1)(a)(i).

{¶ 11} We review the trial court's denial of Snyder's petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12} Snyder contends that the trial court abused its discretion when it found that his petition for post-conviction relief was not timely filed. Also, Snyder argues that the trial court abused its discretion in concluding that his petition was not supported by credible evidence. The State concedes that the petition for post-conviction relief was timely filed. However, the State contends that the affidavit submitted with Snyder's petition was not credible evidence. Even if the affidavit was found credible, however, the State argues that it does not establish a substantive ground for relief, because it describes events that occurred after the search warrant at issue had already been executed.

{¶ 13} We will first address the timeliness of Snyder's petition. Snyder did not file a direct appeal from his conviction. Therefore, to be timely, Snyder had to file his petition for post-conviction relief "no later than three hundred sixty-five days after the expiration

of the time for filing the appeal." R.C. 2953.21(A)(2)(a). The expiration of the time for filing his appeal from the trial court's February 24, 2022 judgment was March 26, 2022. Snyder filed his petition for post-conviction relief on March 14, 2023. Therefore, as the State concedes, Snyder filed his petition for post-conviction relief within the one year provided for in R.C. 2953.21(A)(2)(a). As such, the trial court erred in overruling Snyder's petition based on timeliness. But that does not end our review of the trial court's decision.

{¶ 14} The trial court also denied Snyder's petition because "Defendant failed to provide any credible evidence or argument in support of his Petition. The lay opinion of Mr. Greear, which references his alleged observations on a date that has no relevance to this case is woefully insufficient to justify granting post-conviction relief." Decision and Order Overruling Petition for Post-Conviction Relief (Sept. 5, 2023), p. 3. As a result of this finding, the trial court denied Snyder's petition without holding a hearing.

{¶ 15} "In order to grant a hearing on a timely postconviction petition, the trial court must 'determine whether there are substantive grounds for relief.' " *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, ¶ 23, quoting R.C. 2953.21(D). "If the petition 'is sufficient on its face to raise an issue that the petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.' " *Id.*, quoting *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975), paragraph one of the syllabus.

{¶ 16} "In determining whether the petition states a substantive ground for relief,

the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings." *Id.* at ¶ 24, citing R.C. 2953.21(D). "If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition." *Id.*, citing R.C. 2953.21(D) and (E). "If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.' " *Id.*, quoting R.C. 2953.21(F) and citing *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 28.

{¶ 17} The sole evidence Snyder submitted in support of his petition for post-conviction relief was the affidavit of Jason Greear. According to his affidavit, Greear was visiting Snyder's residence on October 1, 2018. Around 11:00 p.m. that night, while he was standing on the deck, he saw a police helicopter flying "really low" around the property, approximately 300-400 feet off the ground. Greear stated that he saw the helicopter make four laps around the property and he later heard the helicopter overhead "but it was blacked out with no lights."

{¶ 18} Based on this affidavit, Snyder argued to the trial court that "[t]he aerial observation of [his] residence was unconstitutional and a violation of [his] rights." Petition for Postconviction Relief, p. 2. According to Snyder, "[t]he Helicopter was not in a legal position. It was flying too low and it did not have it [sic] lights on. * * * FAA Regulations do not allow flying 'blacked out.' In addition, the helicopter was flying too low. Further the helicopter was not in communication with the airport or its command." *Id.* at 3. Snyder also stated that "the helicopter was illegally flying in airport air space. Snyder's property was located close to the Dayton International Airport. The air space

over Defendant's residence is governed by additional regulations due to its proximity to the airport. There was no specific permission provided to helicopter. In addition the helicopter crew was not in constant contact with the airport, and did not have permission from the airport to fly blacked out or as low as they did." *Id.*

{¶ 19} As the State points out and the trial court found, the date on which Greear allegedly saw a police helicopter flying low around Snyder's residence was well after the date on which the warrant allowing for the thermal imaging of his residence was issued and executed. Indeed, the actual search of Snyder's residence pursuant to a second search warrant appears to have been conducted earlier in the day on October 1, 2018, the same date on which Greear allegedly saw the police helicopter flying around Snyder's residence later in the evening. Moreover, many of the arguments Snyder made in his petition for post-conviction relief based on Mr. Greear's affidavit were not supported by the affidavit. For example, Snyder contends that the police helicopter was violating airport airspace, was not in contact with the airport, and did not have permission from the airport to fly blacked out or as low as it did. But Greear's affidavit did not provide any information establishing that he would have had any personal knowledge of such facts, and none of these alleged facts are contained anywhere in his affidavit.

{¶ 20} The affidavit of Jason Greear failed to support any substantive grounds for relief. Therefore, the trial court did not err in overruling Snyder's petition for post-conviction relief without a hearing. The assignment of error is overruled.

III. Conclusion

{¶ 21} Having overruled the sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.