JOURNAL ENTRY AND OPINION
Defendant-appellant petitioner Elvert S. Briscoe, Jr. (d.o.b. March 29, 1967; Briscoe), pro se, appeals from the trial court's denial of his petition for postconviction relief without an evidentiary hearing pursuant to R.C. 2953.21. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Briscoe was indicted on four counts of Rape in violation of R.C. 2907.02. The offenses were charged to have been committed in December of 1995. Attorney Jerome Dowling was assigned at the arraignment hearing on July 2, 1998, to represent Briscoe. On September 10, 1998, attorney Dowling withdrew from representation and attorney Jeffrey Kelleher was assigned to represent Briscoe. Subsequent to jury trial in January of 1999, Briscoe, the cousin of the victim, was convicted of two counts of Rape (involving a seven-year-old girl) and was sentenced to two concurrent terms of life imprisonment. Briscoe was also found to be a sexual predator following a hearing on January 8, 1999.
Briscoe, acting pro se, filed an unsupported motion for new trial on February 19, 1999. This motion alleged the following grounds for a new trial: (1) surprise in the substance of the testimony of State's witness Justin Ward, which bomb shell testimony was allegedly not disclosed to the defense during discovery; (2) the admission into evidence of hearsay evidence and testimony; (3) misconduct by defense counsel in his statements before the jury which created a bias toward defendant; and, (4) ineffectiveness of trial counsel in failing to contact or subpoena potential witnesses and prepare a defense based upon these witnesses.
On March 10, 1999, Briscoe filed a direct appeal from his convictions asserting the following: (1) that his convictions were against the manifest weight of the evidence; (2) that the trial court erred in admitting evidence through hearsay testimony and hearsay contained within medical records; and, (3) that the trial court erred in sustaining the State's objections to defendant-appellant's closing argument. Attorney David Doughten, an experienced practitioner in trial and appellate practice involving major felony cases, represented Briscoe on the direct appeal from his convictions. This appellate court overruled the three assignments of error and affirmed Briscoe's convictions. See State v. Brisco (sic.) (Aug. 24, 2000), Cuyahoga App. No. 76125, unreported, 2000 Ohio App. LEXIS 3835.
The trial court denied the motion for new trial on March 15, 1999.
Briscoe filed the instant petition for postconviction relief on December 17, 1999.[1] Attached to this petition was the lone affidavit of Ms. Cindy Henderson, the girlfriend of Briscoe from sometime in 1995 until his incarceration, who detailed a loving relationship between Briscoe and the victim, that the victim was a high spirited child, who was just wild and wanted to be grown. Ms. Henderson generally averred that Briscoe was not the type of person who would have raped the young victim, and would have testified to these matters had she been called as a witness for the defense at the trial.
The State filed a motion to dismiss Briscoe's petition.
The trial court denied the petition, and ancillary motions for appointment of counsel and for expert assistance, on February 29, 2000, without benefit of an evidentiary hearing and issued abbreviated findings of fact and conclusions of law.
Briscoe filed his notice of appeal on March 28, 2000, from the denial of his petition for postconviction relief from judgment.
Appellant-Briscoe has filed two appellant's briefs, each one being filed on June 8, 2000. Both of these pro se briefs generally argue that trial counsel was constitutionally ineffective in allegedly failing to: (1) perform adequate pre-trial investigation of potential witnesses and defenses; (2) assert these potential defenses and call these potential witnesses during the trial; and, (3) object to allegedly inadmissible and prejudicial evidence at the trial.[2] These two briefs will be treated as if they were one brief for purposes of this opinion.[3]
This court recently stated the following with respect to the denial of a petition for postconviction relief without an evidentiary hearing and a claim of ineffective assistance of trial counsel:
 A post-conviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to post-conviction relief is not a constitutional right but is a right created by statute.
 Therefore, a petitioner receives no more rights than those granted by the statute.
 State v. Calhoun (1999), 86 Ohio St.3d 279, 714 N.E.2d 905.
R.C. 2953.21(A) provides:
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
 A trial court may dismiss a petition for post-conviction relief without first holding an evidentiary hearing. State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450, 619 N.E.2d 1017. The trial court may do so where it determines the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate the petitioner set forth sufficient operative facts to establish substantive grounds for relief.
Calhoun, supra, at paragraph two of the syllabus.
 A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v. Walden (1984), 19 Ohio App.3d 141, 146, 483 N.E.2d 859. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
* * *
 Appellant raised a claim of ineffective assistance of counsel. The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record.
 State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. This evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. State v. Lawson (1995), 103 Ohio App.3d 307, 659 N.E.2d 362. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id.
 The claim of ineffective assistance of counsel requires proof that "counsel's performance is proved to have fallen below an object ive standard of reasonable representation" and, in addition, prejudice arises from counsel's performance. State v. Bradley(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128. Trial counsel is strongly presumed to have rendered adequate assistance. Id.
 Much of appellant's assertions claiming ineffective assistance of counsel involve trial tactics. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189. An attorney's selection of which witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel. State v. Coulter (1992), 75 Ohio App.3d 219, 598 N.E.2d 1324. Asking specific questions of a witness, even an expert witness, also falls under the realm of trial tactics.
State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963, unreported, 2000 Ohio App. LEXIS 4525, at 6-8, 11-13.
In the case sub judice, Briscoe was represented at the trial court by attorneys Dowling and Kelleher, and on direct appeal by attorney Doughten. Therefore, his claim of ineffective assistance of trial counsel is barred by the doctrine of res judicata unless Briscoe demonstrates that he could not have directly appealed the constitutional claim by using information found in the original record. Additionally, to warrant an evidentiary hearing on the issue, the evidence which Briscoe must present from outside the original record includes evidentiary documents which must contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094, unreported, 2000 Ohio App. LEXIS 4279, at 7-8, citing State v. Cole, supra; State v. Jackson, supra; State v. Lawson, supra; State v. Perry, supra. As for affidavits used in support of the petition, a trial court may exercise its discretion when assessing the credibility of the affidavits, and may discount self-serving affidavits from the petitioner or his family members * * * or affidavits which rely on hearsay as not being credible. Id. 2000 Ohio App. LEXIS 4279, at 8-9, citing State v. Calhoun, supra, paragraph one of the syllabus, and State v. Moore (1994),99 Ohio App.3d 748, 651 N.E.2d 1319.
Applying the above-stated principles of law to the facts of this case, it is obvious that trial counsel's alleged failure to object to inadmissible and prejudicial evidence at trial was known at the time of the direct appeal from the original record and should have been, or was, raised in the direct appeal. Thus, the doctrine of res judicata bars relief and the need for an evidentiary hearing on this constitutionally premised ineffective assistance of counsel issue. See State v. Cole, supra, and State v. Perry, supra.
We next turn our attention to the remaining claim of ineffective assistance of trial counsel in allegedly not having performed an adequate pre-trial investigation by failing to contact certain witnesses, and asserting a defense at trial based upon the information which these potential witnesses would have allegedly provided. As stated previously, the only documentary evidence attached to the petition from outside the original record was an affidavit by Briscoe's girlfriend, Ms. Cindy Henderson. The averments in this piece of evidence have credibility problems in that Ms. Henderson was Briscoe's intimate girlfriend, see Henderson affidavit, and is insufficient to demonstrate that counsel was ineffective in not investigating her as a potential witness or basing a defense around her averments. At best, her averments would qualify her as a general character witness, but she does not call into question the legitimacy of the convictions by stating that she was at the scene of the offenses at the time they were committed, in the constant presence of Briscoe, and did not observe Briscoe committing the base acts. Henderson's proposed testimony fails to demonstrate that counsel's decision to not investigate her account prejudiced the defense. Accordingly, the trial court did not err in denying the petition without an evidentiary hearing.
Finally, the trial court did not err in denying the motions seeking assigned counsel and expert assistance. This precise issue was addressed in State v. Lorraine (Sept. 1, 2000), Trumbull App. No. 99-T-0060, unreported, 2000 Ohio App. LEXIS 3982, at 11-12, thusly:
 The final claim raised by appellant under his first assignment of error is that the trial court erred by denying him access to expert assistance in pursuing his postconviction relief petition. A similar argument, however, was raised and rejected by this court in State v. Williams, 1998 Ohio App. LEXIS 4884 (Oct. 16, 1998), Trumbull App.
 No. 97-T-0153, unreported. There, we stated, 1998 Ohio App. LEXIS 4884 at 11:
 "The right to expert assistance is linked to the constitutional right to counsel. See State v. Richey (1992), 64 Ohio St.3d 353, 359, 595 N.E.2d 915. Because postconviction proceedings are civil in nature, a petitioner has no constitutional right to court-appointed counsel. State v. Mapson (1987), 41 Ohio App.3d 390, 391, 535 N.E.2d 729. Consequently, a petitioner would have no corresponding right to expert assistance. If the trial court grants a hearing, a petitioner may have a statutory right to legal representation by the public defender's office if his petition is found to have arguable merit. State v. Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652, paragraphs one and two of the syllabus; R.C. 120.16."
 Thus, since appellant in this case was not entitled to a hearing, he was not entitled to expert assistance. Hence, the trial court properly denied his request.
Accord State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094, unreported, 2000 Ohio App. LEXIS 4279, at 11-12 (a petitioner for postconviction relief has no statutory right to the appointment of an expert).
With regard to the specific issue of appointment of counsel in postconviction proceedings, this court stated the following:
 In his fourth assignment of error, petitioner contends that the trial court erred in denying his request for appointed counsel. We disagree.
 An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a post-conviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, 152, 573 N.E.2d 652. A petitioner is entitled to representation at an evidentiary hearing on a post-conviction relief petition, however, if the public defender concludes that the issues raised by the petitioner have arguable merit. Id., paragraph one of the syllabus.
 We have already determined that the trial court properly dismissed petitioner's petition without an evidentiary hearing. Accordingly, there was no requirement that counsel be appointed for petitioner and the trial court properly denied petitioner's request for counsel.
State v. Harbert (July 1, 1999), Cuyahoga App. No. 74320, unreported, 1999 Ohio App. LEXIS 3123, at 14-15.
Since Briscoe was not entitled to an evidentiary hearing, there was no requirement that counsel or expert assistance be appointed for the petitioner. Thus, the appellant's original assignments are overruled.
Subsequent to the filing of the appellant's original briefs, appellant was granted leave on October 18, 2000, to file a supplemental brief containing an additional four assignments of error.
The first supplemental assignment, designated as appellant's assignment number III, provides:
 THE TRIAL COURT ERRED BY NOT HOLDING A HEARING TO CORRECT INACCURATE TRANSCRIPTS WHICH DENIED DEFENDANT OF HIS CONSTITUTIONAL RIGHTS OF DUE PROCESS.
In this assignment appellant argues that the affidavit of Ms. Henderson, which was used to support the petition for post conviction relief, merited an evidentiary hearing on the petition. As discussed previously within this opinion, this affidavit from outside the record was not of sufficient quality to merit an evidentiary hearing. Accordingly, this assignment of error is overruled.
The second supplemental assignment, designated as appellant's assignment number IV, provides:
 TRIAL COURT'S FAILURE TO MAKE A COMPLETE AND ACCURATE RECORDS (SIC) OF TRIAL PROCEEDINGS DENIED DEFENDANT A FAIR APPEAL AS OF RIGHT.
In this assignment appellant argues over the weight of evidence produced at trial and defense counsel's comments during closing arguments constituting ineffective assistance of trial counsel. This is not evidence outside the record and was available at the time of the direct appeal from his convictions. As previously determined herein, relief based on these matters is barred by the application of res judicata. Therefore, this assignment of error is overruled.
The third supplemental assignment, designated as appellant's assignment number V, provides:
 COUNSEL FAILED TO OBJECT TO THE PRESENTATION OF INADMISSIBLE EVIDENCE.
In this assignment appellant reiterates arguments concerning ineffective assistance of trial counsel and the admission of prejudicial medical evidence which was previously addressed in his original appellate briefing. This argument was determined to be without merit earlier in this opinion. This assignment is overruled.
The fourth supplemental assignment, designated as appellant's assignment number VI, provides:
 TRIAL COURT ERRED BY NOT PUTTING ON RECORD EVIDENCE PERTAINING TO THE EFFECTIVENESS OF COUNSEL, OR INQUIRE ABOUT COUNSEL'S EFFECTIVENESS.
In this assignment appellant argues without Ohio authority that the trial court, after being put on notice via a letter from the defendant complaining of counsel's representation prior to trial, was obligated to inquire about such representation of trial counsel by holding a hearing on the issue. This general argument was advanced, without success, in appellant's motion for new trial at proposed error of law number 4. This argument is barred by the doctrine of res judicata since it could have been presented at the time of appellant's direct appeal without resorting to evidence outside the record. This assignment is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ JAMES D. SWEENEY, JUDGE
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] This petition was supplemented by Briscoe on January 10, 2000. Attached to this supplement was a copy of a short excerpt from various portions of the trial testimony of Dr. Dodgson, and an affidavit by Ms. Henderson in which she averred that defense counsel had not talked to her prior to the convictions.
[2] Appellant does not take issue with the adequacy of the trial court's two-paragraph, one-page, findings of fact and conclusions of law.
[3] The assignments of error contained in these two briefs state: First Assignment of Error. The trial court erred by overruling (sic) petition without a (sic) holding an evidentiary hearing. Trial court erred by abuse (sic) of discretion.; and, Second Assignment of Error. Trial court erred by dismissing (sic) petition without a (sic) evidentiary hearing to (sic) facts outside the files and records.