OPINION
Appellant, Joseph M. Dudley, appeals the decision of the Trumbull County Court of Common Pleas dismissing his postconviction relief petition without a hearing.[1] For the reasons that follow, we affirm the judgment of the trial court.
The following procedural history is relevant to this matter. On December 16, 1992, the Trumbull County Grand Jury returned an indictment charging appellant with aggravated murder in violation of R.C. 2903.01(A), and further charging appellant with a firearm specification pursuant to R.C. 2941.141. There was no death penalty specification.
On April 14, 1993, appellant was represented at the plea hearing by public defenders James F. Lewis ("Mr. Lewis") and Anthony Consoldane ("Mr. Consoldane"), and he entered a guilty plea to murder under an amended and reduced indictment under R.C. 2903.02, with a firearm specification under R.C. 2941.141.[2] After the trial court accepted his plea, it conducted a sentencing hearing wherein appellant was sentenced to an indefinite term of fifteen years to life, plus three years of actual incarceration on the firearm specification.
On April 16, 1993, appellant filed a pro se motion to vacate or set aside his guilty plea on grounds that he was not afforded proper legal counsel by his court-appointed attorneys, and that he was forced into pleading guilty by his trial attorney and the prosecutor. Thereafter, Mr. Lewis and Mr. Consoldane filed a motion to withdraw as appellant's counsel. The trial court granted this motion, and Theodore Ivanchak ("Mr. Ivanchak") was appointed to represent appellant on his motion to withdraw his plea.
On May 21, 1993, after conferring with Mr. Ivanchak, appellant moved to withdraw his motion to vacate and set aside his guilty plea. At this hearing, appellant's motion was granted by the trial court.[3]
On February 14, 1995, appellant filed a notice of appeal with this court challenging his guilty plea and sentence. We affirmed the judgment of the trial court in State v. Dudley (Oct. 23, 1995), Trumbull App. No. 93-T-4907, unreported, 1995 Ohio App. LEXIS 4624.
Thereafter, on September 23, 1996, appellant filed his petition for postconviction relief along with a supporting memorandum and affidavit.[4]
Additionally, appellant filed a motion for appointment of counsel, and a motion for revocation and withdrawal of his withdrawal of motion to vacate and set aside his guilty plea. On September 26, 1996, appellant's motion for appointment of counsel to assist him in his postconviction action was overruled.
In his petition for postconviction relief, appellant made the following assertions: (1) his guilty plea and his withdrawal of his motion to vacate that plea was not voluntary, knowing and intelligent; (2) his guilty plea and his withdrawal of his motion to vacate that plea was made as a result of coercion, threats, or promises; and (3) he was denied the effective assistance of counsel with regard to his guilty plea and his withdrawal of his motion to vacate that plea.
According to the trial court, the only evidentiary document submitted by appellant to support his claims was his own affidavit. The court found this affidavit "obviously self-serving and unreliable." Further, the affidavit was at odds with the representations appellant made at both his initial plea hearing and the hearing in which he withdrew his request to vacate his plea. Upon consideration, the trial court concluded appellant failed to submit evidentiary documents sufficient to meet his initial burden of showing that he was entitled to a hearing because appellant's self-serving affidavit failed to meet a minimum level of cogency to support his claims. As a result, in a judgment entry dated August 19, 1997, the trial court issued its findings of fact and conclusion of law and dismissed appellant's petition for postconviction relief without a hearing.
In response, appellant filed a motion to vacate the above judgment on grounds that he was not properly served with the August 19, 1997 judgment entry. On September 23, 1998, the trial court overruled his motion finding that the court file contained a notation that the judgment entry was served on appellant. However, on October 20, 1999, the trial court vacated its prior judgment entry of September 23, 1998, and re-issued its findings of fact and conclusion of law originally filed on August 19, 1997.[5] From this judgment which dismissed his postconviction relief petition, appellant filed a notice of appeal and asserts three assignments of error for our consideration:
 "[1.] Appellant was denied Due Process and Equal Protection of the law in contravention of the Ohio and U.S. Constitution when the trial court arbitrarily refused to appoint post-conviction counsel to an indigent defendant, where other defendant's [sic] are appointed counsel as a matter of right pursuant to Ohio's R.C. 120.16 et. seq.
 "[2.] The trial court erred to the prejudice of appellant when it denied appellant an evidentiary hearing on his petition for post-conviction relief.
 "[3.] Appellant's trial counsel rendered ineffective assistance of counsel at trial because the cumulative effect of counsel's omission's [sic] and deficient performance was prejudicial and rendered the trial court's expectance [sic] of defendant's guilty plea fundamentally unfair."
Before we may address whether appellant was entitled to counsel during his postconviction proceeding, we must determine whether the trial court properly denied appellant's petition without a hearing. Thus, our analysis begins by examining appellant's second assignment of error in which he maintains that he was entitled to an evidentiary hearing because he did raise a valid postconviction claim of ineffective assistance of counsel.
R.C. 2953.21(C) and (E) govern the grant or denial of an evidentiary hearing on a petition for postconviction relief in Ohio. R.C. 2953.21(C) states in part:
 "* * * Before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *"
Further, R.C. 2953.21(E) provides: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *."
In a decision of this court in State v. Allen (Sept. 23, 1994), Lake App. No. 93-L-123, unreported, 1994 WL 590342, we held that a hearing is not automatically required whenever a petition for postconviction relief is filed. See, also, State v. Calhoun (1999), 86 Ohio St.3d 279, 282. Before granting an evidentiary hearing on the petition, the trial court must determine whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. Calhoun at 282-283.
When a petition for postconviction relief asserts the ineffective assistance of counsel, it is well-settled that the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Osborne
(Dec. 31, 1997), Ashtabula App. No. 97-A-0002, unreported, at 5, 1997 WL 817837, citing State v. Jackson (1980), 64 Ohio St.2d 107, syllabus.
With regard to plea bargains, Crim.R. 11 requires a trial court to personally inform the defendant of his rights and the consequences of his plea and to determine if the plea is understandably and voluntarily made.State v. Kapper (1983), 5 Ohio St.3d 36, 38. "[A] petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." Kapper at 38.
It has been further recognized that "evidence out of the record in the form of petitioner's own self-serving affidavit alleging a constitutional deprivation will not compel a hearing." State v. Combs (1994),100 Ohio App.3d 90, 98, citing Kapper at 37-38. Thus, a petitioner's own self-serving declarations may not be sufficient to rebut a record that demonstrates that a plea was voluntary. Kapper at 38; State v. Fry
(Dec. 11, 1992), Portage App. No. 92-P-0049, unreported, at 3, 1992 WL 366895. In order to require an evidentiary hearing, a petitioner needs to submit something such as a letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea. Id.
The Supreme Court of Ohio recently discussed in Calhoun how a trial court should assess the credibility of affidavits filed in support of petitions for postconviction relief. The court held:
 "In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." Calhoun at paragraph one of the syllabus.
Moreover, the court set forth the following guidelines for courts to follow when assessing the credibility of supporting affidavits:
 "In determining the credibility of supporting affidavits in postconviction relief proceedings, we adopt the reasoning of the First Appellate District in State v. Moore (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319. The court, in Moore, * * * suggested that a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. Id. at 754, 651 N.E.2d at 1323. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 754-756, 651 N.E.2d at 1323-1324.
 "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." Calhoun at 284-285. (Emphasis added.)
When applying the above to the present case, it becomes clear that the trial court did not err in dismissing appellant's petition without a hearing. The rationale behind the trial court's decision was that the court found appellant's supporting affidavit to be "obviously self-serving and unreliable" and at odds with the representations appellant made at both his initial plea hearing and the hearing in which he withdrew his request to vacate and set aside his plea. In other words, contrary to appellant's affidavit, a review of the record below indicates appellant's guilty plea and withdrawal of his motion to vacate his plea were voluntary, and he was satisfied with the services rendered by his court-appointed attorneys in both of these proceedings.
As the plea transcript reveals, on April 14, 1993, appellant was represented at this hearing by public defenders Mr. Lewis and Mr. Consoldane. Before the trial court accepted appellant's guilty plea, the court conducted a thorough Crim.R. 11 inquiry. When the trial judge asked appellant if any promises or threats were made to him to get him to enter his guilty pleas, appellant replied, "No sir." Further, when the trial court asked appellant if he was satisfied with his attorneys, and if he thought that they had done everything they could on his behalf, he responded, "Yes sir." Mr. Lewis also indicated he was satisfied that appellant understood his constitutional rights and his wavier thereof.
The prosecution then made a statement in order to establish a factual basis for appellant's guilty plea. Appellant entered his guilty plea, saying that he had read over the related documents and understood everything in them and what the judge had told him. After the trial court asked appellant if he had signed the plea bargain freely and voluntarily, he replied, "Yes sir, I did." Finally, when asked whether any promises or threats were made to get appellant to sign the plea agreement, appellant responded, "No sir".
Further, on May 21, 1993, after conferring with Mr. Ivanchak, appellant moved to withdraw his motion to vacate and set aside his guilty plea. At this hearing, appellant's motion was granted after the trial court conducted a colloquy to determine that appellant was satisfied with his new counsel, that the motion was made knowingly, intelligently and voluntarily, and that appellant knew, by withdrawing the motion, his sentence would remain the same.
Thus, there were two separate hearings in which appellant reaffirmed his satisfaction.
As we indicated earlier, the Supreme Court of Ohio has held that a petition alleging ineffective assistance of counsel or coerced plea bargain agreement may be dismissed without hearing where the record indicates compliance with Crim.R. 11, and petitioner fails to submit evidentiary documents containing sufficient operative facts as to his claims. Fry at 2, citing Kapper. The record below reveals full compliance with Crim.R. 11, while appellant's supporting affidavit has the effect of recanting prior statements appellant made on the record at the time he entered his plea and withdrew his motion to vacate that plea. We note that a record reflecting compliance with Crim.R. 11 has greater probative value than contradictory affidavits. Calhoun at 288-289; Kapper at 38.
On these facts, we hold that the trial court properly denied appellant's petition for postconviction relief without holding an evidentiary hearing because the petition, appellant's supporting affidavit, and the record, do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief. Appellant's second assignment of error has no merit.
Now we turn to appellant's first assignment of error in which he maintains that his constitutional rights were violated when the trial court denied his motion for appointed counsel to represent him in his postconviction proceeding. Appellant suggests that State v. Crowder
(1991), 60 Ohio St.3d 151, entitles him to counsel as a matter of right pursuant to R.C. 120.16(A)(1) and (D), to determine if the issues raised in his petition had arguable merit. At the very least, when the trial court denied his motion, appellant suggests that the court should have ordered the review of his claims by the public defender's office so that a determination could be made as to whether his petition had arguable merit.
The Supreme Court of Ohio addressed the issue of a postconviction relief petitioner's right to counsel, if any, in Crowder, holding:
 "Although an indigent petitioner does not have a state or federal constitutional right to representation by an attorney in a postconviction proceeding, the petitioner, pursuant to R.C. 120.16(A)(1) and (D), is entitled to representation by a public defender at such a proceeding if the public defender concludes that the issues raised by the petitioner have arguable merit.
 "R.C. 120.16(A)(1) and (D) implicitly require the trial court, upon concluding that the petitioner in a postconviction proceeding is entitled to an evidentiary hearing pursuant to R.C. 2953.21(C) and (E), to promptly notify the public defender of the pending hearing." (Emphasis added.) Crowder at paragraphs one and two of the syllabus.
The petitioner bears the initial burden of showing that he or she is entitled to a hearing. If the petitioner does not make this showing, then the trial court is not required to notify the public defender, nor is the public defender obligated to prosecute the petition. State v.Giles (Nov. 28, 1997), Portage App. No. 97-P-0022, unreported, at 3, 1997 WL 752619. According to Crowder, when a trial court determines that a petitioner is entitled to an evidentiary hearing on his postconviction relief petition, it must notify the public defender of the impending hearing who then, in his or her discretion, may represent the petitioner if he or she opines the petition sets forth issues having "arguable merit." See, also, R.C. 120.16(D).
In the instant matter, the trial court concluded that appellant had not met his burden and was not entitled to an evidentiary hearing. As was explained in the preceding assignment of error, we agree. Therefore, the trial court had no duty to refer this matter to the public defender's office, and appellant was not entitled to appointment of counsel to assist him in his postconviction proceeding. Consequently, appellant's first assignment of error is not well-taken.
In his third and final assignment of error, appellant argues that, under the two-prong test outlined in Strickland v. Washington (1984),466 U.S. 668, he received ineffective assistance of counsel with regard to his guilty plea and his withdrawal of his motion to vacate that plea.
Both the Supreme Court of Ohio and this court have adopted a basic test to determine whether an accused has received ineffective assistance of counsel:
 "`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. DiMeole (Sept. 30, 1992), Ashtabula App. No. 91-A-1680, unreported, at 3, 1992 WL 267379, quoting Strickland at 687.
 On the issue of counsel's ineffectiveness, appellant bears the burden of proof since in Ohio, every properly licensed attorney is presumed to be competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. Appellant must "submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." Jackson at syllabus.
In his supporting affidavit, appellant avers that his attorneys were ineffective for various reasons. Specifically, he alleges that none of the court-appointed attorneys informed him of the definition of such terms as "purposely" and "knowingly," or the effects of intoxication, accident, or mistake of fact. As a result, neither his guilty plea nor his withdrawal of his motion to vacate his guilty plea was done knowingly, intelligently, or with effective assistance of counsel. Next, appellant claims that he was coerced or threatened into entering his guilty plea and withdrawing his motion to vacate that plea by his attorneys and the prosecutor. Further, none of appellant's attorneys informed him of the circumstances surrounding the imposition of the death penalty. Appellant then finds fault with the trial court appointing and refusing to remove Mr. Ivanchak as his counsel because a conflict of interest existed. Finally, in his reply brief to this court, appellant maintains he was denied effective assistance of counsel when Mr. York failed to submit all the evidence in his postconviction petition.
The only evidence appellant has to support his claim of ineffective assistance of counsel is his own self-serving affidavit which, as we noted earlier, contradicts his own testimony at the plea hearing and the hearing in which he withdrew his motion to vacate his guilty plea. Such an affidavit is insufficient to support appellant's claim of ineffective assistance of counsel. See Fry at 4-5 (holding appellant's claim of ineffective assistance of counsel to be without merit when the only evidence presented to support his claim was appellant's own self-serving affidavit which contradicted his own testimony at the plea proceeding). Therefore, his third assignment of error is also without merit.
In accordance with the foregoing analysis, appellant's assignments of error are not well taken, and the judgment of the trial court is affirmed.
 ________________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.
[1] In his brief to this court, appellant attached a letter from Robert L. York ("Mr. York"), who was appointed by this court to represent appellant in his direct appeal from his sentence, and two affidavits from appellant's brother and sister-in-law which were not presented to the trial court. The record indicates that the trial court did not grant appellant leave to supplement his petition with these additional documents. Since the trial court did not have the opportunity to review these documents when ruling on appellant's petition for postconviction relief, we will not consider them on appeal.
[2] The substance of this hearing will be discussed when we address appellant's second assignment of error.
[3] The substance of this hearing will be discussed when we address appellant's second assignment of error.
[4] At no time did appellant seek to amend or supplement his petition.
[5] We note that the trial court had authority to do this as a jurisdictional issue of service was in question.