[Cite as *State v. Siddle*, 2017-Ohio-2843.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ADAM L. SIDDLE | : | Case No. CT2016-0040 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CR2015-0147


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      May 15, 2017


APPEARANCES:

For Plaintiff-Appellee

GERALD V. ANDERSON, II
27 North Fifth Street
Zanesville, OH 43702-0189

For Defendant-Appellant

ADAM L. SIDDLE, Pro Se
#719-246
15708 McConnelsville Road
Caldwell, OH 43724

DAVID A. SAMS
P.O. Box 40
West Jefferson, OH 43162

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Adam Siddle, appeals the July 20, 2016 findings and decision of the Court of Common Pleas of Muskingum County, Ohio, denying his petition for postconviction relief.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 10, 2015, appellant pled guilty to sixteen counts involving theft (R.C. 2913.02), money laundering (R.C. 1315.55), telecommunications fraud (R.C. 2913.05), and forgery (R.C. 2913.31).  Appellant was represented by Attorney Jeremy McLendon.  By entry filed September 23, 2015, the trial court sentenced appellant to an aggregate term of seven years in prison.  Appellant did not file a direct appeal.[1]

{¶ 3}   On April 11, 2016, appellant filed a petition for postconviction relief, claiming seven grounds for ineffective assistance of trial counsel.  Appellant requested the appointment of counsel.

{¶ 4}   On April 25, 2016, the trial court appointed Attorney David Sams as counsel "for the Defendant's defense for work performed on the appeal."  No parties are listed on this entry for service of a copy of the entry.

{¶ 5}   On May 2, 2016, appellant filed an amendment to his petition for postconviction relief, adding an eighth ground for ineffective assistance of trial counsel.

{¶ 6}   On May 4, 2016, the state filed a response to the petition, serving appellant only.  On May 11, 2016, appellant filed a pro se reply, serving the prosecuting attorney

---

[1]On July 11, 2016, appellant filed a pro se motion for leave to file delayed appeal (Case No. CT2016-0029).  This court denied the motion on August 22, 2016.  The Supreme Court of Ohio declined to accept jurisdiction on January 25, 2017.  *State v. Siddle,* 147 Ohio St.3d 1507, 2017-Ohio-261, 67 N.E.3d 824.

only. By findings and decision filed July 20, 2016, the trial court denied the petition, finding appellant failed to produce any evidence on the issues raised and insufficient evidence to warrant the appointment of counsel. The trial court served the prosecuting attorney and appellant.

{¶ 7} On July 22, 2016, Attorney Sams filed an *Anders* brief with the trial court on the petition for postconviction relief and a motion to withdraw, serving the prosecuting attorney and appellant.

{¶ 8} On August 2, 2016, appellant filed a pro se notice of appeal on the trial court's July 20, 2016 decision denying his petition for postconviction relief, the case sub judice. Appellant requested the appointment of counsel.

{¶ 9} On August 4, 2016, the trial court appointed Attorney Sams as counsel "for the Defendant's defense for work performed on the appeal." No parties are listed on this entry for service of a copy of the entry. The entry is identical to the April 25, 2016 entry.

{¶ 10} On August 15, 2016, appellant filed with this court a motion to withdraw counsel and appoint new counsel. Appellant sought to remove Attorney Sams and obtain new counsel for his appeal because Attorney Sams was the same counsel the trial court had appointed for his petition for postconviction relief, the denial of which was the basis for the appeal. On August 24, 2016, Attorney Sams filed a response, indicating he would file an *Anders* brief or would withdraw if the trial court preferred.

{¶ 11} On August 25, 2016, appellant filed with the trial court a motion to appoint Attorney Sams for his appeal. By entry filed August 30, 2016, the trial court granted the request and appointed Attorney Sams for the appeal.

{¶ 12} On September 1, 2016, this court denied appellant's August 15, 2016 request for the appointment of new counsel. The judgment entry explained postconviction motions are civil in nature and therefore, "a petitioner is not afforded a constitutional right to the assistance of counsel."

{¶ 13} On December 5, 2016, Attorney Sams filed an *Anders* brief without any assignments of error. On January 3, 2017, appellant filed a pro se brief listing two assignments of error. On February 13, 2017, appellee filed a brief addressing the pro se assignments of error.

{¶ 14} This matter is now before this court for consideration.[2] Appellant's pro se assignments of error are as follows:

I

{¶ 15} "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON DIRECT APPEAL AS SECURED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHERE INEFFECTIVE ASSISTANCE OFFERED BY APPELLATE COUNSEL PLAGUED DEFENDANT'S APPEAL WITH PREJUDICE."

II

{¶ 16} "WHEN A TRIAL COURT FAILS TO OFFER ANY REASON FOR IMPOSING THIS SENTENCE ON THE DEFENDANT WHO HAS NO CRIMINAL RECORD (JUVENILE OR ADULT) AND THE LIKELIHOOD OF RECIDIVISM IS ZERO,

---

[2]We do not find *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966), to apply in this case. Attorney Sams's motion to withdraw as counsel is moot.

IT IS AN ABUSE OF DISCRETION, VIOLATION OF THE DEFENDANT'S RIGHTS TO DUE PROCESS AND MEANINGFUL APPELLATE REVIEW."

I, II

{¶ 17} This matter is before this court on appeal of the trial court's denial of appellant's petition for postconviction relief claiming ineffective assistance of trial counsel. Appellant claimed his trial counsel's ineffectiveness caused him to plead guilty to the charges.

{¶ 18} Now, in his pro se appellate brief under Assignment of Error I, appellant states he is arguing the ineffective assistance "of appellate counsel on direct appeal" however, the arguments thereunder appear to argue the ineffective assistance of appellate counsel's performance on the petition for postconviction relief.  In Assignment of Error II, appellant argues the trial court erred in not offering reasons for sentencing him to seven years in prison, an issue not raised in his petition for postconviction relief.

{¶ 19} First, we note on August 15, 2016, appellant filed with this court a motion to withdraw counsel and appoint new counsel.  Appellant sought to remove Attorney Sams and obtain new counsel for his appeal because Attorney Sams was the same counsel the trial court had appointed for his petition for postconviction relief, the denial of which was the basis for the appeal.  However, ten days later, on August 25, 2016, appellant filed with the trial court a motion to appoint Attorney Sams for his appeal which the trial court granted on August 30, 2016.  Appellant was appointed the counsel of his choice.

{¶ 20} Second, appellant was not entitled to the appointment of counsel.  As indicated by this court in its September 1, 2016 judgment entry denying appellant's request for the appointment of new counsel, postconviction motions are civil in nature and

therefore, "a petitioner is not afforded a constitutional right to the assistance of counsel." *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Crowder,* 60 Ohio St.3d 151, 573 N.E.2d 652 (1991).

{¶ 21} We note the *Crowder* court agreed with the *Finley* case, but determined a petitioner is entitled to representation by a public defender if a hearing has been set and the public defender "concludes that the issues raised by the petitioner have arguable merit." *Crowder* at 153. In this case, a hearing was not set and nevertheless, appellant was appointed the counsel of his choice.

{¶ 22} Further, as stated by our brethren from the Tenth District in *State v. Scudder,* 131 Ohio App.3d 470, 474, 722 N.E.2d 1054 (10th Dist.1998), "[because postconviction proceedings are civil in nature] defendant has no Sixth Amendment right to the effective assistance of counsel and the trial court did not err in failing to conduct a hearing upon appellant's claims that postconviction counsel was ineffective."

{¶ 23} Third, appellant's arguments regarding ineffective assistance of trial counsel, as argued in his petition for postconviction relief, and an error in sentencing, raised for the first time in this appeal, are res judicata:

> The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.
>
> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 24} In reviewing appellant's petition for postconviction relief, we find the arguments therein could have been raised on direct appeal.

{¶ 25} Based upon the foregoing, appellant's assignments of error are denied.

{¶ 26} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/sg 323